UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

GILBERT FANFAN,

                                       Plaintiff,

                          -AGAINST-

THE CITY OF NEW YORK, New York City Police
Department Officer ("P.O.") TULIO CAMEJO (Shield No.
016515), P.O. JOHN DOE 1 and P.O. JOHN DOE 2 (the
name John Doe being fictitious, as their true name and
shield number are presently unknown), in their individual
and official capacities,

                                    Defendants.

---------------------------------------------------------------------- x

**ANSWER TO COMPLAINT**

11-CV-1520 (LBS)(JCF)

JURY TRIAL DEMANDED

           Defendant City of New York ("City") and Police Officer Tulio Camejo by their

attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to

the complaint, respectfully allege, upon information and belief, as follows:

           1.      Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiff purports to bring this action as stated therein.

           2.      Deny the allegations set forth in paragraph "2" of the complaint.

           3.      Deny the allegations set forth in paragraph "3" of the complaint, except

admit that plaintiff purports to seek damages as stated therein.

           4.      Deny the allegations set forth in paragraph "4" of the complaint, except

admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

           5.      Deny the allegations set forth in paragraph "5" of the complaint, except

admit that a document purporting to be a notice of claim was received by the New York City

Comptroller's office on or about February 11, 2011, and that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

6.      Deny the allegations set forth in paragraph "6" of the complaint, except admit that this matter has not been settled or adjusted.

7.      Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff purports to base venue as stated therein.

8.      Deny the allegations set forth in paragraph "8" of the complaint.

9.      Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff purports to proceed as stated therein..

10.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.     Deny the allegations set forth in paragraph "11" of the complaint, except admit that the City of New York maintains a Police Department and respectfully refers the Court to the City Charter for an accurate recitation of the relationship between defendant City and the New York City Police Department.

12.     Deny the allegations set forth in paragraph "12" of the complaint, except admit that defendant Tulio Camejo is employed by the City of New York as a Police Officer, and that plaintiff purports to proceed as stated therein.

13.     Defendants state that the allegations set forth in paragraph "13" of the complaint constitute legal conclusions to which no response is required.

14.     Deny the allegations set forth in paragraph "14" of the complaint.

15.      Deny the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "28" of the complaint.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     Deny the allegations set forth in paragraph "31" of the complaint.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     Deny the allegations set forth in paragraph "39" of the complaint, except admit that plaintiff was transported to the 42nd Precinct.

40.     Deny the allegations set forth in paragraph "40" of the complaint, except admit that plaintiff was placed in a cell in the 42nd Precinct.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44"  of the complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     Deny the allegations set forth in paragraph "47" of the complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49.     Deny the allegations set forth in paragraph "49" of the complaint.

50.     Deny the allegations set forth in paragraph "50" of the complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint, except admit, upon information and belief, that plaintiff was charged with the offenses set forth in paragraph "51" of the complaint.

52.     Deny the allegations set forth in paragraph "52" of the complaint.

53.     Deny the allegations set forth in paragraph "53" of the complaint, and refer plaintiff to the Criminal Complaint for an accurate recitation of Camejo's sworn statement.

54.     Deny the allegations set forth in paragraph "54" of the complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the complaint, except admit, upon information and belief, that the charges against plaintiff were dismissed on February 28, 2011.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     In response to the allegations set forth in paragraph "59" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "58" inclusive of their answer, as if fully set forth herein.

60.     Deny the allegations set forth in paragraph "60" of the complaint and all of its subparts.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     In response to the allegations set forth in paragraph "62" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "61" inclusive of their answer, as if fully set forth herein.

63.     Defendants state that the allegations set forth in paragraph "63" constitute a legal conclusion, but to the extent that a response is required, defendants deny the allegations set forth in paragraph "63" of the complaint.

64.     Deny the allegations set forth in paragraph "64" of the complaint.

65.     Deny the allegations set forth in paragraph "65" of the complaint.

66.     Deny the allegations set forth in paragraph "66" of the complaint.

67.     Deny the allegations set forth in paragraph "67" of the complaint.

68.     In response to the allegations set forth in paragraph "68" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "67" inclusive of their answer, as if fully set forth herein.

69.     Deny the allegations set forth in paragraph "69"  of the complaint.

70.     Deny the allegations set forth in paragraph "70" of the complaint.

71.     Deny the allegations set forth in paragraph "71" of the complaint.

72.    Deny the allegations set forth in paragraph "72" of the complaint and all of its subparts.

73.    Deny the allegations set forth in paragraph "73" of the complaint and all of its subparts.

74.    Deny the allegations set forth in paragraph "74" of the complaint and all of its subparts.

75.    Deny the allegations set forth in paragraph "75" of the complaint and all of its subparts.

76.    Deny the allegations set forth in paragraph "76" of the complaint and all of its subparts.

77.    Deny the allegations set forth in paragraph "77" of the complaint and all of its subparts.

78.    Deny the allegations set forth in paragraph "78" of the complaint.

79.    Deny the allegations set forth in paragraph "79" of the complaint.

80.    Deny the allegations set forth in paragraph "80" of the complaint and all of its subparts.

81.    Deny the allegations set forth in paragraph "81" of the complaint.

82.    Deny the allegations set forth in paragraph "82" of the complaint.

83.    Deny the allegations set forth in paragraph "83" of the complaint.

84.    Deny the allegations set forth in paragraph "84" of the complaint.

85.    Deny the allegations set forth in paragraph "85" of the complaint.

86.    Deny the allegations set forth in paragraph "86" of the complaint.

87.     In response to the allegations set forth in paragraph "87" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "86" inclusive of their answer, as if fully set forth herein.

88.     Deny the allegations set forth in paragraph "88" of the complaint.

89.     Deny the allegations set forth in paragraph "89" of the complaint.

90.     In response to the allegations set forth in paragraph "90" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "91" inclusive of their answer, as if fully set forth herein.

91.     Deny the allegations set forth in paragraph "91" of the complaint.

92.     Deny the allegations set forth in paragraph "92" of the complaint.

93.     In response to the allegations set forth in paragraph "93" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "92" inclusive of their answer, as if fully set forth herein.

94.     Deny the allegations set forth in paragraph "94" of the complaint.

95.     Deny the allegations set forth in paragraph "95" of the complaint.

96.     In response to the allegations set forth in paragraph "96" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "95" inclusive of their answer, as if fully set forth herein.

97.     Deny the allegations set forth in paragraph "97" of the complaint.

98.     Deny the allegations set forth in paragraph "98" of the complaint.

99.     In response to the allegations set forth in paragraph "99" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "98" inclusive of their answer, as if fully set forth herein.

100.    Deny the allegations set forth in paragraph "100" of the complaint.

101.    Deny the allegations set forth in paragraph "101" of the complaint.

102.    In response to the allegations set forth in paragraph "102" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "101" inclusive of their answer, as if fully set forth herein.

103.    Deny the allegations set forth in paragraph "103" of the complaint.

104.    Deny the allegations set forth in paragraph "104" of the complaint.

105.    In response to the allegations set forth in paragraph "105" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "104" inclusive of their answer, as if fully set forth herein.

106.    Deny the allegations set forth in paragraph "106" of the complaint.

107.    Deny the allegations set forth in paragraph "107" of the complaint.

108.    In response to the allegations set forth in paragraph "108" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "107" inclusive of their answer, as if fully set forth herein.

109.    Deny the allegations set forth in paragraph "109" of the complaint.

110.    Deny the allegations set forth in paragraph "110" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

111.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

112.    Defendants City and Camejo have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

113.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of defendants City or Camejo.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

114.    Plaintiff may have failed to comply with conditions precedent to suit.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

115.    At all times relevant to the incident, defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of its discretion.  As such, defendant City is entitled to governmental immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

116.    Punitive damages cannot be recovered as against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

117.    There was probable cause for plaintiff's arrest, detention, and any prosecution.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

118.    Plaintiff provoked any incident.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

119.    The New York City Police Department is not a suable entity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

120.   Plaintiff has failed to comply with New York General Municipal Law §§ 50-e, 50-h, and 50-i.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

121.   Defendant Camejo has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

122.   At all times relevant to the acts alleged in the complaint, defendant Camejo acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

123.   Plaintiff's claims may be barred, in whole or in part, by the applicable limitations period.

**WHEREFORE,** defendants City and Camejo request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                May 31, 2011

                                    Michael A. Cardozo
                                    Corporation Counsel of the City of New York
                                    *Attorney for Defendants*
                                    100 Church Street Rm. 3-310
                                    New York, NY 10007


                                    By:    _____/S/_____
                                           Suzanna Publicker
                                           Assistant Corporation Counsel


To:     Mr. David B. Rankin (By ECF)
        *Attorney for Plaintiff*
        Law Office of Rankin & Taylor
        350 Broadway, Suite 700
        New York, New York 10013

Index No.: 11-CV-1520 (LBS)(JCF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GILBERT FANFAN,

Plaintiff,

-AGAINST-

THE CITY OF NEW YORK, New York City
Police Department Officer ("P.O.") TULIO
CAMEJO (Shield No. 016515), P.O. JOHN DOE 1
and P.O. JOHN DOE 2 (the name John Doe being
fictitious, as their true name and shield number are
presently unknown), in their individual and official
capacities,

Defendants.

## ANSWER TO THE COMPLAINT

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Suzanna Publicker*
*Tel:  (212) 788-1103*
*NYCLIS No. 2011-044064*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ......................................... ,2011*

*.................................................................... Esq.*

*Attorney for .......................................................*